**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Christopher M. Gooden,

Petitioner,

vs.

Charles Ryan; et al.,

Respondents.

No. CV 10-203-PHX-JAT

**ORDER**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be denied because it is barred by the statute of limitations. Petitioner has filed objections to the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's]

recommendations to which the parties object.”). District courts are not required to conduct “any review at all . . . *of any issue* that is not the subject of an objection.” *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) (“the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.”). The Court will review the portions of the R&R to which Petitioner objected de novo.

The R&R recited the procedural history of Petitioner’s conviction in state court and concluded that the Petition in this case is barred by the Anti-Terrorism and Effective Death Penalty Act’s statute of limitations. (Doc. 20 at 3-7). Petitioner did not object to any of these conclusions. And the Court agrees with the R&R’s conclusion.

Specifically, Petitioner’s conviction became final on May 20, 2007, and his time to file his Petition in federal court expired on May 20, 2008. *Id*. at 4. Thus, the Petition in this case, which was filed on January 28, 2010, is barred by the one year statute of limitations (28 U.S.C. § 2244(d)(1)), unless Petitioner is entitled to statutory or equitable tolling.

Petitioner’s filing of a notice of post-conviction relief on October 11, 2007 does not entitle him to statutory tolling because the notice was rejected by the state court as untimely. (Doc. 20 at 4-5 (citing *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (untimely filings before the state courts are not “properly filed” for statutory tolling purposes))). Additionally, Petitioner’s second notice of post-conviction relief filed June 2, 2009 did not restart the already expired statute of limitations. (Doc. 20 at 5-6 (citing *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petitions filed after the federal limitations period expires do not restart the federal limitations period))). Thus, this Court agrees with the conclusion of the R&R that Petitioner is not entitled to statutory tolling.

Petitioner is also not entitled to equitable tolling. (Doc. #20 at 6-7 (citing *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (a petitioner seeking equitable tolling must establish: “(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.”))). Petitioner was not pursuing his rights diligently in state court as evidence by the fact that he missed several state court filing

deadlines. (Doc. 20 at 6). Additionally, Petitioner has not shown extraordinary circumstances that prevented his timely filing. (*Id.*) Thus, Petitioner is not entitled to equitable tolling. Thus, the Court accepts and adopts the R&R that the Petition in this case is barred by the statute of limitations.

Petitioner argues for an exception to the statute of limitations based on *Schlup v. Delo*, 513 U.S. 298 (1995). The R&R concludes that Petitioner cannot meet the actual innocence exception of *Schlup*. (Doc. 20 at 7-9). Petitioner objects to this conclusion. (Doc. 21 at 2).

Typically, under the principles of comity, a petitioner must exhaust his claims in state court before raising them in a federal habeas petition. 28 U.S.C. § 2254(b)(1). If a petitioner did not exhaust his claims, and the time for doing so in state court has now expired, those unexhausted claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). A federal court cannot reach the merits of procedurally defaulted claims unless very specific exceptions apply. *Id.* at 748. *Schlup* outlines one such exception where the federal court can reach the merits of a procedurally defaulted claim. *Schlup*, 513 U.S. at 327. Specifically, this exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.*

Here, however, Petitioner is not attempting to use *Schlup* to argue that this Court should reach the merits of a procedurally defaulted claim. Instead, Petitioner is arguing that this Court should use the "actual innocence" exception of *Schlup* as a basis to gateway around the Anti-Terrorism and Effective Death Penalty Act's statute of limitations. This argument is foreclosed by *Lee v. Lampert*, 610 F.3d 1125, 1133 (9th Cir. 2010), which held that there is no actual innocence "gateway" around the Anti-Terrorism and Effective Death Penalty Act's statute of limitations. Specifically, the Court stated, "we conclude that there is no *Schlup* actual innocence exception to override AEDPA's statute of limitations." *Id.*

Thus, like *Lee*, the Petition in this case is barred by the statute of limitations and *Schlup* does not provide an exception to that bar. Alternatively, the Court agrees with the R&R that even if *Schlup* had provided a gateway around the statute of limitations, Petitioner in this case has failed to meet the actual innocence exception. (Doc. 20 at 8-9). Petitioner

argued both in his Petition and in his objections that the officers who arrested him had conflicting reports. (Docs. 19 and 21). However, as the R&R notes, this is not "new" evidence, as is required by *Schlup*. (Doc. 20 at 9). And, even if it were new evidence, it is not evidence in light of which, no jury would have convicted Petitioner. (*Id*.). Thus, even if there was a *Schlup* exception, Petitioner would not qualify for that exception.

Based on the foregoing,

IT IS ORDERED that the Report and Recommendation (Doc. 20) is accepted and adopted, the objections (Doc. 21) are overruled, the Petition in this case is dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 23rd day of November, 2010.

James A. Teilborg
United States District Judge